James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253109)
Brian H. Kim (State Bar No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| EVA CHAN, | Case No.: 3:22-cv-392-JCS |
| Plaintiff, | **FIRST AMENDED COMPLAINT (ERISA)** |
| v. | |
| PENSYS, INC; FUTUREPLAN ADMINISTRATIVE SERVICES, LLC., | |
| Defendants. | |

## INTRODUCTION

1.    This case seeks redress for Defendant PenSys, Inc.'s breach of fiduciary duties owed to Plaintiff Eva Chan under the Employee Retirement Income Security Act ("ERISA"). Plaintiff was the beneficiary of her husband's 401(k) account in the Sutter Medical Group 401(k) Profit Sharing Plan (the "Plan"). In November 2019, Plaintiff's husband, Matt Chan, passed away from cancer at age 40. At the time of his death Mr. Chan held approximately 1500 shares of Tesla, Inc., in his 401(k) account. After his death Ms. Chan contacted Defendant PenSys, Inc., the Plan Administrator, about rolling over

Mr. Chan's 401(k) account. PenSys, Inc., in rolling over the account to Ms. Chan's own 401(k) account did not inform Ms. Chan that Mr. Chan's Tesla shares would be liquidated during the rollover, took an excessive and unreasonable amount of time to complete the rollover, and did not inform Ms. Chan that she had a right under the Plan terms to maintain Mr. Chan's 401(k) account as it was without liquidating the shares. Ms. Chan would have preserved the shares in Mr. Chan's 401(k) account for the maximum time permitted under the Plan terms if she had been properly informed by PenSys about the consequences of rolling over the account and her right to not do so. In between the time that the shares were liquidated and when Ms. Chan was notified that the shares were liquidated, shares of Tesla, Inc. increased in price by $401 per share, resulting in a loss of approximately $601,500 to Ms. Chan as a result of PenSys's breach of its fiduciary duties.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), the ERISA-governed plan at issue was administered in this district and Plaintiff resides in this district.

## DIVISIONAL ASSIGNMENT

4. This case should be assigned to the San Francisco / Oakland Division because the Plan is administered within this division and a substantial part of the acts and omissions occurred within this division.

## PARTIES

5. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan and a beneficiary of her husband's 401(k) account in the Plan.

6. At all relevant times, Defendant PenSys, Inc., was the named "Plan Administrator" of the Plan within the meaning of 29 C.F.R. § 2510.3-16 and a fiduciary of the Plan within the meaning of 29 U.S.C. 1002(21)(A) in that it exercised discretionary authority or discretionary control respecting administration of the Plan.

7. Effective December 28, 2021, Defendant PenSys, Inc. was acquired by and merged into Defendant FuturePlan Administrative Services, LLC; Defendant FuturePlan Administrative Services, LLC thereby acquired all of PenSys, Inc.'s existing liability.

**FACTS**

8. At all relevant times the Plan offered retirement benefits to employees of Sutter Health, including Ms. Chan and her late husband.

9. Plaintiff was the beneficiary of her husband's 401(k) account in the Plan.

10. Plaintiff's husband passed away in November 2019 at the age of 40. At the time of his passing Plaintiff's husband held approximately 1500 shares of Tesla, Inc. in his 401(k) account.

11. Shortly after Mr. Chan's passing, Plaintiff contacted Defendant, the plan administrator, about her options with respect to Mr. Chan's 401(k) account. Plaintiff received an email from Defendant stating that she could either roll the account over into her own 401(k) account, an inherited Individual Retirement Account ("IRA") IRA, or an IRA treated as her own IRA, and that the rollover would take 10 days to complete.

12. Defendant did not inform Plaintiff that one of her options was to leave Mr. Chan's account as it was, that his death was not a mandatory distribution event under the Plan terms, or that Mr. Chan's holdings of Tesla stock would be liquidated during the rollover transaction.

13. If Plaintiff had been informed that the Tesla shares would be liquidated during the rollover transaction, she would have elected to keep Mr. Chan's account as it was. Plaintiff was watching the Tesla share price closely during this period because her husband had advised her to do so, and she was aware that the shares were significantly increasing in value.

14. Plaintiff, unaware that she had other rights, and in reliance on Defendant's communications about her options, submitted a request to rollover Mr. Chan's account to her own 401(k) account in the same Plan.

15. Contrary to Defendant's representations, the rollover process took 31 days to complete. Plaintiff submitted her rollover request on December 20, 2019, she received email confirmation of receipt from Defendant on December 23, 2019. All of Mr. Chan's account positions were liquidated on January 22, 2020, including the Tesla shares. The cash sat in Mr. Chan's account for another 10 business days before being transferred to Ms. Chan's account on February 3, 2020 (which was an account within the same Plan with the same account custodian, Fidelity Management and Trust Company). Plaintiff was notified that the transfer was complete, and discovered that the shares had been liquidated, on February 4, 2020.

16. From the time that the shares were liquidated on January 22, 2020, shares of Telsa Inc went from trading at $559 per share to $960 per share, resulting in lost investment gains to Plaintiff of $601,500.

17. As a direct and proximate result of Defendant's failure to properly inform Plaintiff of her rights with respect to her husband's 401(k) account, Plaintiff has suffered damages as described above and been forced to incur attorney's fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**[Claim for Breach of Fiduciary Duty Pursuant to ERISA § 502(a)(3) Against Defendants]**

18. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a civil action to obtain appropriate equitable relief to redress breaches of fiduciary duty.

19. At all relevant times, Defendant PenSys, Inc., as the named Plan Administrator of the Plan, was a fiduciary of the Plan with respect to matters of plan administration and, as such, was require to administer the Plan in the Plan in the best interest of Plan participants and to perform its function up to the standards of similarly situated plan fiduciaries.

20. By failing to inform Plaintiff that she had the right to maintain her husband's 401(k) account as it was, and that by failing to inform Plaintiff that any rollover transaction would result in

liquidation of Plaintiff's shares, and by failing to conduct the rollover transaction in a timely fashion, Defendant breached its fiduciary duties to Plaintiff, resulting in Plaintiff losing out on at least $601,500 in investment earnings that she would have otherwise received.

21. As a result of its December 28, 2021 acquisition of PenSys, Inc., Defendant FuturePlan Administrative Services, LLC acquired PenSys Inc.'s liability for the breaches of fiduciary duty in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant breached its fiduciary duties with respect to Plaintiff;

B. Order that Defendant pay Plaintiff restitution for the damages she incurred as a result of Defendant's breach of fiduciary duties;

C. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: February 22, 2022

BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff