UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA CHAN,<br><br>        Plaintiff,<br><br>        v.<br><br>PENSYS, INC., et al.,<br><br>        Defendants. | Case No. 22-cv-00392-VC<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 32 |

        PenSys's motion for summary judgment is denied. This order assumes the reader's familiarity with the facts of the case, the arguments made by the parties, the relevant law, and the discussion that took place at the hearing.

        The best that can be said for PenSys is that the language of the Engagement Agreement is ambiguous as to whether PenSys owed Chan a fiduciary duty to inform her of the various options she had with respect to her late husband's 401(k). Even that may be charitable. It's true that section 5 of the Agreement says PenSys is "not responsible for advising participants regarding their Plan options, any rights they have under the Plan, or any issues in relation to the Plan and its operations of which they should be aware." But section 2 describes PenSys as "a Fiduciary Plan Administrator" whose duties include "[c]ommunicat[ing] with Participants and Beneficiaries regarding distributions and claims for benefits."

        It's clear from this language that PenSys did not take on the obligation to give participants *advice* about how to handle their late spouse's benefits. But it seems likely that the Agreement (and the Plan) obligated PenSys to at least *communicate* the different options available to the surviving spouse. PenSys pointed to no evidence in the summary judgment

record suggesting that Sutter—the only other possible fiduciary with respect to communications with Chan about her late husband's account—was identified by the Plan as the entity responsible for handling such communications.

At the hearing, Chan suggested that the Court could and should decide the issue as a matter of law in her favor instead. But Chan did not cross-move for summary judgment. Moreover, the summary judgment record may not justify resolving the case as a matter of law in Chan's favor. As discussed, there is arguably some ambiguity to the language of the Agreement between Sutter and PenSys. And evidence not in the summary judgment record could shed light on whether PenSys owed the fiduciary duty that Chan believes it owed. Counsel indicated at the hearing that Chan initially communicated regarding her desired distribution with Sutter, which directed her to PenSys, which in turn engaged in the communications. That might bolster Chan's argument that the Plan put the onus on PenSys to adequately inform Chan of her options. But that communication is not in the summary judgment record. And as PenSys recognized at the hearing, the current record likewise contains no evidence suggesting the opposite: that is, that the Plan directed participants seeking to be informed of their options to Sutter instead of PenSys. How the Plan, in practice, divided responsibilities between Sutter and PenSys could be relevant to an understanding of the meaning of the Agreement between those two entities, and to the larger question of whether PenSys was acting as an ERISA fiduciary when it communicated with Chan about the rollover.[1]

Per the discussion at the hearing, Chan has seven days from this order to file something on the docket informing the Court whether she wishes to withdraw her motion for leave to file an amended complaint.

---

[1] Indeed, even if the agreement between Sutter and PenSys contained clear language stating that PenSys was taking on no fiduciary responsibility for communications with spouses of deceased participants about how to take over a 401(k), there may be an argument that PenSys took on that responsibility in practice, thereby becoming an ERISA fiduciary for that purpose. The Court is not sure about this because the parties didn't argue it, but they should address it in their trial briefs.

**IT IS SO ORDERED.**

Dated: March 24, 2023

_____
VINCE CHHABRIA
United States District Judge